IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>         Plaintiff, )<br>)<br>v. )<br>)<br>MAT-J LLC d/b/a LONE STAR EXXON and LONE STAR #3 )<br>)<br>         Defendant. ) | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful and discriminatory employment practices and to provide appropriate relief to Teresa Webb and a class of similarly-situated aggrieved individuals, because of the pattern and practice of Defendant MAT-J LLC d/b/a Lone Star Exxon and Lone Star #3 (hereafter "Defendant), of subjecting applicants to unlawful pre-employment medical inquiries. The Defendant's use of pre-employment medical inquiries created a pattern and practice of discrimination in violation of the Americans with Disabilities Act. The Commission further alleges that Defendant discriminated against a class of aggrieved individuals because they are disabled, regarded as disabled and/or because they have a record of a disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1), (3) 2000e-6 ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were being committed within the jurisdiction of the United States District Court for the Eastern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, which incorporates by reference Section 706(1) and (3) and Section 707 of Title VII.

4. At all relevant times, Defendant has continuously been and is now doing business in the state of Texas and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Teresa Webb filed a Charge of Discrimination with the Commission, alleging violations of Title I of the ADA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least June 2004, Defendant has engaged in unlawful employment practices by engaging in a regular pattern and practice of subjecting a class of applicants, including but not limited to Teresa Webb and a class of similarly-situated aggrieved individuals, to unlawful pre-employment medical inquiries. Specifically, Defendant discriminated against a class of aggrieved individuals when it required them to answer medical inquiries before extending a job offer.

9. The effect of the practices complained of above has been to deprive Teresa Webb and a class of similarly-situated aggrieved individuals of equal opportunities and otherwise adversely affect their status as applicants under the ADA.

10. The effect of the practices complained of above has been to introduce discriminatory bias to the hiring selection process, and to establish a system that stigmatizes and unlawfully screens out applicants on the basis of disability.

11. The unlawful employment practices complained of in paragraph 8 above were intentional.

12. The unlawful employment practices complained of in paragraphs 8 above were committed with malice or with reckless indifference to the federally protected rights of Teresa Webb and a class of similarly-situated aggrieved individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all person in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.  Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Teresa Webb and a class of similarly-situated aggrieved individuals, and eradicate the effects of its past and present unlawful unemployment practices.

C.  Order the Defendant to make whole Teresa Webb and a class of similarly-situated aggrieved individuals by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including but not limited to rightful-place hiring, or front pay in lieu thereof.

D.  Order the Defendant to make whole Teresa Webb and a class of similarly-situated aggrieved individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

E.  Order the Defendant to pay Teresa Webb and a class of similarly-situated aggrieved individuals punitive damages for its malicious conduct or reckless indifference, described in paragraph 8 above, in an amount to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public

interest.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

JOEL P. CLARK
Trial Attorney
Texas Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749